IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN SOLAK,

    Plaintiff,

  v.

JOHN DOE,

    Defendant.

Civil Action No.
3:16-CV-0529 (GTS/DEP)

_____

APPEARANCES:           OF COUNSEL:

FOR PLAINTIFF:

DOUGLAS W. DRAZEN LAW OFFICE  DOUGLAS W. DRAZEN, ESQ.
2-8 Hawley Street
Suite 111
Binghamton, NY 13901

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This is an action brought by plaintiff John Solak against a corporation, Topix, LLC ("Topix"), and a John Doe defendant whose identity is unknown to plaintiff. Plaintiff's claims against Topix have been discontinued, leaving only his claims against defendant Doe. To date,

plaintiff has not moved to substitute an identified individual as a defendant in place of defendant Doe. In addition, plaintiff has failed to comply with multiple court directives requiring that he file a status report in this matter. Based upon plaintiff's inaction and disregard for prior court orders, I recommend that his claims against defendant Doe be dismissed without prejudice.

I.     BACKGROUND

Plaintiff commenced this action on or about April 1, 2016, in New York State Supreme Court. Dkt. Nos. 1, 2. Plaintiff's complaint alleges that defendant Doe published false statements concerning plaintiff's health to Topix Binghamton, an internet discussion forum operated by the former corporate defendant. *See generally* Dkt. No. 2. Plaintiff claims that the posting caused him to suffer mental anguish and emotional distress. *Id.*

Following commencement of the action, Topix, a limited liability company incorporated in Delaware and with a principal place of business in California, removed the action to this court, asserting diversity of citizenship as a basis for the court's subject matter jurisdiction. Dkt. No. 1. On May 12, 2016, three days after removal of the action, Topix filed a motion to dismiss plaintiff's complaint. Dkt. No. 9. Prior to the determination of the motion, the parties filed a stipulation dismissing

plaintiff's claims against Topix pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Dkt. No. 14.

On June 3, 2016, I issued a text order directing plaintiff's counsel to file a report on or before June 17, 2016, advising the court concerning the status of plaintiff's efforts to identify defendant Doe and add him or her as a named party. Dkt. No. 17. In response, plaintiff's counsel timely filed a letter indicating that a subpoena would be served on Topix for information that may assist in identifying defendant Doe. Dkt. No. 18.

Upon receipt of plaintiff's status report, I issued a second text order, dated June 17, 2016, requiring plaintiff to file a further report with the court concerning his efforts to identify defendant Doe on or before July 18, 2016. Dkt. No. 19. In compliance with that order, plaintiff filed a status report on July 18, 2016, advising that he served the subpoenas referenced in his earlier status report, and that he anticipated he would be receiving information that would allow for the identification of defendant Doe. Dkt. No. 20.

On July 19, 2016, plaintiff was directed by the court to file a further status report on or before September 19, 2016. Dkt. No. 21. After plaintiff failed to comply with that order, I issued another text order dated October 13, 2016, again requiring a status report to be filed by October 14, 2016. Dkt. No. 22. On October 31, 2016, more than two weeks after the court's

deadline, plaintiff filed a status report informing the court that the information he had received as a result of the subpoenas was not particularly fruitful with respect to defendant Doe's identity. Dkt. No. 23. As a result, counsel for plaintiff noted that he was "awaiting [his] client's decision whether to move forward" in the action. *Id.*

On November 1, 2016, I issued a text order directing plaintiff's counsel "to file a further status report concerning the matter on or before November 30, 2016." Dkt. No. 24. On the date of the deadline, plaintiff's counsel informed the court by letter that "[t]here has been no change in status since the October 31, 2016 report." Dkt. No. 25.

On December 8, 2016, the court issued an order informing plaintiff that, "[i]n the event [he] wishes to pursue the remaining claims in this action, he shall take steps to identify and join the Doe defendant in the action on or before January 31, 2017." Dkt. No. 26 at 4. To date, the court has not received any correspondence from plaintiff or his counsel regarding the status of the action or plaintiff's efforts to identify defendant Doe, nor has the plaintiff filed a motion to substitute an identified individual for defendant Doe.

II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[1] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 216-17 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3)

---

[1] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In this instance, plaintiff failed to comply with my text order dated July 19, 2016, and my order dated December 8, 2016. Dkt. Nos. 21, 26. In addition, he did not timely comply with my text order dated October 31, 2016. Dkt. Nos. 22, 23. This action has been pending for ten months, and, according to plaintiff's own submissions, he has taken no steps to identify defendant Doe in months. Plaintiff has squarely been placed on notice that his failure to update the court with the status of the action would result in my recommendation to the assigned district judge that the matter be dismissed. Dkt. Nos. 24, 26. As for prejudice to the defendant, because the claims asserted against the only other defendant in this case, aside from defendant Doe, have been dismissed, I view this factor as weighing

in plaintiff's favor. On the other hand, however, the court has a strong interest in an orderly progression and disposition of the cases on its docket and ensuring that lawsuits do not languish. I have considered other potentially available sanctions short of dismissal, but find them inadequate in light of plaintiff's disregard for court orders, demonstrated either by belatedly or not at all complying with three of my orders that directed him to file a status update.

In addition, I have considered whether plaintiff will experience any prejudice should the action be dismissed. Clearly, because defendant Doe has not been identified by name, any dismissal would not preclude commencement of a new action against that individual once his or her identity becomes known. The question of whether such a future claim would be precluded by the statute of limitations gives room for pause. In this instance, however, it appears likely that plaintiff's claims, which relate to an internet post published on December 21, 2014, may have been untimely when this action was commenced because the intentional torts asserted in plaintiff's complaint – which, as was noted above, was filed on or about April 1, 2016 – are all subject to one-year statute of limitation. N.Y. C.P.L.R. § 215; *see Bardi v. Warren Cnty. Sheriff's Dep't*, 260 A.D.2d 763, 777 (3d Dep't 1999). Accordingly, the prejudice plaintiff might suffer as a result of dismissal is also not a factor that weighs in his favor.

In light of the foregoing, on balance, I find that the relevant factors weigh in favor of recommending dismissal of this action.

III. SUMMARY AND RECOMMENDATION

The plaintiff in this action has failed to act diligently in identifying and joining the individual sued as John Doe. In addition, plaintiff has failed to comply with two separate court orders and untimely complied with a third. Based upon those facts, as well as the other relevant factors discussed above in this report, it is hereby respectfully

RECOMMENDED that plaintiff's remaining claims in this action be DISMISSED for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that the clerk be respectfully directed to close this action.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the plaintiff in accordance with this court's local rules.

Dated: February 2, 2017
Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge